## IN THE COURT OF COMMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| LINDA MUHAMMAD-SMITH<br>6591 Basswood Drive<br>Bedford Heights, OH 44146,<br><br>Plaintiff,<br><br>vs.<br><br>PSYCHIATRIC SOLUTIONS, INC,<br>dba Windsor-Laurelwood Center for<br>Behavioral Medicine,<br>6640 Carothers Pkwy, Suite 500<br>Franklin, TN 37067<br><u>Serve Statutory Agent</u>: CT Corp System<br>800 South Gay Street, Suite 2021<br>Knoxville, TM 37929<br><br>&<br><br>GREG KENNEDY,<br>Residential Address Unknown,<br><u>Serve at Business Address:</u><br>Windsor-Laurelwood Center for<br>Behavioral Medicine,<br>35900 Euclid Avenue<br>Willoughby, OH 44094<br><br>&<br><br>BRENDA BAILEY,<br>Residential Address Unknown,<br><u>Serve at Business Address:</u><br>Windsor-Laurelwood Center for<br>Behavioral Medicine,<br>35900 Euclid Avenue<br>Willoughby, OH 44094<br><br>Defendants. | CASE NO.:<br><br>JUDGE:<br><br><br><br><br><br><u>**COMPLAINT WITH**</u><br><u>**PLAINTIFF'S FIRST SET OF**</u><br><u>**INTERROGATORIES AND**</u><br><u>**REQUEST FOR PRODUCTION**</u><br><u>**OF DOCUMENTS**</u><br><br>**Plaintiff demands a jury trial on all issues triable of right by a jury.** |

## INTRODUCTION

1. Plaintiff Linda Mohammad-Smith is a United States citizen and a Cuyahoga County, Ohio, resident.

2. Upon information and belief, Defendant Psychiatric Solutions, Inc., dba as Windsor-Laurelwood Center for Behavioral Medicine (referred to hereafter as "Windsor-Laurelwood"), is a foreign corporation that maintains offices and regularly does business in Ohio, including in Cuyahoga County, Ohio and Lake County, Ohio.

3. Upon information and belief, Defendant Greg Kennedy is a United States citizen and a Cuyahoga County, Ohio, resident. His residential address is unknown at this time and cannot be ascertained through the exercise of reasonable diligence. Consistent with Civ.R. 4.1, she is being served at his business address which is reasonably calculated to reach him.

4. Upon information and belief, Defendant Brenda Bailey is a United States citizen and a Portage County, Ohio, resident. Her residential address is unknown at this time and cannot be ascertained through the exercise of reasonable diligence. Consistent with Civ.R. 4.1, she is being served at his business address which is reasonably calculated to reach her.

5. Plaintiff is a "person" and an "employee" as defined and used in Ohio Revised Code Chapter 4112, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.* ("ADEA") and the Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.* ("FMLA").

6. Defendant Windsor-Laurelwood is an "individual" and an "employer" as defined and used in R.C. § 4112.01, 42 U.S.C. §2000e, 29 U.S.C. § 630, and 29 U.S.C. § 2611.

7. Defendant Kennedy is an "individual" and/or an "employer" as defined and used in R.C. § 4112.01, 42 U.S.C. §2000e, 29 U.S.C. § 630, and 29 U.S.C. § 2611.

2

8. Defendant Bailey is an "individual" and/or an "employer" as defined and used in R.C. § 4112.01, 42 U.S.C. §2000e, 29 U.S.C. § 630, and 29 U.S.C. § 2611.

9. This suit is authorized and instituted pursuant to Ohio Revised Code Chapter 4112, Title VII, the ADEA, the FMLA and Ohio common law. Jurisdiction is conferred by Ohio Revised Code § 2305.01, Ohio Revised Code Chapter 4112, Title VII, the ADEA and the FMLA.

10. Plaintiff has satisfied all administrative preconditions for filing suit under Title VII and the ADEA and has a valid right to sue notice issued from the Equal Employment Opportunity Commission.

11. Venue is proper in Cuyahoga County because, among other reasons, at least one of the Defendants resides in Cuyahoga County upon information and belief; Defendant Windsor-Laurelwood maintains an office and regularly conducts business in Cuyahoga County; and because the injuries and harm giving rise to this cause of action occurred and continue to occur in Cuyahoga County.

## FACTS APPLICABLE TO ALL CAUSES OF ACTION

12. Plaintiff incorporates into this paragraph her allegations from each of the preceding paragraphs.

13. Windsor-Laurelwood employed Plaintiff from June 2008 until her termination in October 2009.

14. Plaintiff was qualified for the positions she held during her employment with Windsor-Laurelwood.

15. Plaintiff successfully performed her job responsibilities at all times during her employment with Windsor-Laurelwood.

16. Defendants terminated Plaintiff from her employment on or about November 2, 2009.

3

## COUNTS I & II
### (Race Discrimination & Harassment)

17. Plaintiff incorporates into this paragraph her allegations from each of the preceding paragraphs.

18. Plaintiff is African American.

19. Defendants discriminated against and harassed Plaintiff because of her race by subjecting her to discriminatory terms and conditions of employment and a hostile work environment.

20. Defendants' discrimination against and harassment of Plaintiff because of her race included, among other things, subjecting Plaintiff to verbal, mental, emotional, and physical harassment and abuse, humiliating her, threatening her, sabotaging her work, levying false allegations of misconduct against her, subjecting her to unwarranted and unfair discipline, and terminating her employment.

21. Defendants authorized, participated in, witnessed the aforementioned conduct, which violated R.C. § 4112.02 and 29 U.S.C. § 2000e.

22. Defendants' conduct as described herein was reported to Defendants, who failed to take prompt, remedial, and appropriate steps to address the unlawful treatment of Plaintiff.

23. Defendants' conduct violated R.C. § 4112.02 and 29 U.S.C. § 2000e, for which Defendants are liable for economic and non-economic compensatory damages, including pain and suffering, and the loss of salary and benefits, and other privileges and conditions of employment in accordance with R.C. § 4112.99 and 29 U.S.C. § 2000e.

24. Defendants' conduct violated Ohio Revised Code Chapter 4112 and 29 U.S.C. § 2000e, and was willful, wanton, reckless and/or malicious, and renders defendants liable for economic and noneconomic compensatory damages, punitive damages, attorneys' fees, and costs in accordance with R.C. § 4112.99 and 29 U.S.C. § 2000e and 42 U.S.C. § 1988.

4

## COUNTS III & IV
### (Religious Discrimination & Harassment)

25. Plaintiff incorporates into this paragraph her allegations from each of the preceding paragraphs.

26. Plaintiff is Muslim.

27. Defendants discriminated against and harassed Plaintiff because of her religion by subjecting her to discriminatory terms and conditions of employment and a hostile work environment.

28. Defendants' discrimination against and harassment of Plaintiff because of her religion included, among other things, subjecting Plaintiff to verbal, mental, emotional, and physical harassment and abuse, humiliating her, threatening her, sabotaging her work, levying false allegations of misconduct against her, subjecting her to unwarranted and unfair discipline, and terminating her employment.

29. Defendants authorized, participated in, witnessed the aforementioned conduct, which violated R.C. § 4112.02 and 29 U.S.C. §2000e.

30. Defendants' conduct as described herein was reported to Defendants, who failed to take prompt, remedial, and appropriate steps to address the unlawful treatment of Plaintiff.

31. Defendants' conduct violated R.C. § 4112.02 and 29 U.S.C. §2000e for which Defendants are liable for economic and non-economic compensatory damages, including pain and suffering, and the loss of salary and benefits, and other privileges and conditions of employment in accordance with R.C. § 4112.99 and 29 U.S.C. §2000e.

32. Defendants' conduct violated R.C. § 4112.02 and 29 U.S.C. §2000e and was willful, wanton, reckless and/or malicious, and renders defendants liable for economic and noneconomic compensatory damages, punitive damages, attorneys' fees, and costs in accordance with R.C. §

5

4112.99 and 29 U.S.C. §2000e.

## COUNT V
### (Disability Discrimination & Harassment)

33. Mrs. Mohammad-Smith incorporates into this paragraph her allegations from each of the preceding paragraphs.

35. At times relevant hereto, Mrs. Mohammad-Smith suffered from a disability within the meaning of Ohio Revised Code § 4112.01.

36. At times relevant hereto, Plaintiff was a qualified individual with a disability within the meaning of Ohio Revised Code § 4112.01.

37. Defendants knew Plaintiff was disabled, knew Plaintiff had a record of disability, and/or regarded her as disabled.

38. Defendants discriminated against and harassed Plaintiff because of her disability and because they regarded her as disabled by subjecting her to discriminatory terms and conditions of employment and a hostile work environment.

39. Defendants' discrimination against and harassment of Plaintiff because of her disability and because Defendants regarded her as disabled included, among other things, subjecting Plaintiff to verbal, mental, emotional, and physical harassment and abuse, humiliating her, threatening her, sabotaging her work, levying false allegations of misconduct against her, subjecting her to unwarranted and unfair discipline, and terminating her employment.

40. Defendants authorized, participated in, witnessed the aforementioned conduct, which violated Ohio Revised Code § 4112.02.

41. Defendants' conduct as described herein was reported to Defendants, who failed to take prompt, remedial, and appropriate steps to address the unlawful treatment of Plaintiff.

42. Defendants' conduct violated Ohio Revised Code § 4112.02, for which Defendants are

6

liable for economic and non-economic compensatory damages, including pain and suffering, and the loss of salary and benefits, and other privileges and conditions of employment in accordance with Ohio Revised Code § 4112.99.

43. Defendants' conduct violated Ohio Revised Code § 4112.02 and was willful, wanton, reckless and/or malicious, and renders defendants liable for economic and noneconomic compensatory damages, punitive damages, attorneys' fees, and costs in accordance with Ohio Revised Code § 4112.99.

## COUNT VI
### (Age Discrimination & Harassment)

44. Mrs. Mohammad-Smith incorporates into this paragraph her allegations from each of the preceding paragraphs.

45. At all times relevant hereto, Mrs. Mohammad-Smith was over the age of 40.

46. Defendants discriminated against and harassed Plaintiff because of her age by subjecting her to discriminatory terms and conditions of employment and a hostile work environment.

47. Defendants' discrimination against and harassment of Plaintiff because of her age and because Defendants regarded her as disabled included, among other things, subjecting Plaintiff to verbal, mental, emotional, and physical harassment and abuse, humiliating her, threatening her, sabotaging her work, levying false allegations of misconduct against her, subjecting her to unwarranted and unfair discipline, and terminating her employment.

48. Defendants authorized, participated in, witnessed the aforementioned conduct, which violated 29 U.S.C. § 623.

49. Defendants' conduct as described herein was reported to Defendants, who failed to take prompt, remedial, and appropriate steps to address the unlawful treatment of Plaintiff.

50. Defendants' conduct violated the 29 U.S.C. § 623 for which Defendants are liable for

7

economic and non-economic compensatory damages, including pain and suffering, and the loss of salary and benefits, and other privileges and conditions of employment in accordance with 29 U.S.C. § 626.

51. Defendants' conduct violated 29 U.S.C. § 623 and was willful, wanton, reckless and/or malicious, and renders defendants liable for economic and noneconomic compensatory damages, punitive and/or liquidated damages, attorneys' fees, and costs in accordance with 29 U.S.C. § 626.

### COUNTS VII & VIII
### (Retaliation)

52. Mrs. Mohammad-Smith incorporates into this paragraph her allegations from each of the preceding paragraphs.

53. During the course of her employment, Mrs. Mohammed-Smith engaged in activity protected by law including, but not limited to: (a) registering complaints of discrimination and retaliation with her employer; (b) filing a charge of discrimination with the Equal Employment Opportunity Commission; and (c) requesting an accommodation for her disability in the form of a leave of absence.

54. Defendants were aware of Plaintiff's protected activity.

55. Defendants discriminated against and harassed Plaintiff because of her protected activity by subjecting her to discriminatory terms and conditions of employment and a hostile work environment.

56. Defendants' discrimination against and harassment of Plaintiff because of her protected activity included, among other things, subjecting Plaintiff to verbal, mental, emotional, and physical harassment and abuse, humiliating her, threatening her, sabotaging her work, levying false allegations of misconduct against her, subjecting her to unwarranted and unfair discipline,

and terminating her employment.

57. Defendants authorized, participated in, witnessed the aforementioned conduct, which violated R.C. § 4112.02(I), 29 U.S.C. § 2000e and 29 U.S.C. § 621, *et seq.*

58. Defendants' conduct as described herein was reported to Defendants, who failed to take prompt, remedial, and appropriate steps to address the unlawful treatment of Plaintiff.

59. Defendants' conduct violated R.C. § 4112.02(I), 29 U.S.C. § 2000e and 29 U.S.C. § 621, *et seq.*, for which Defendants are liable for economic and non-economic compensatory damages, including pain and suffering, and the loss of salary and benefits, and other privileges and conditions of employment in accordance with R.C. § 4112.99, 29 U.S.C. § 2000e and 29 U.S.C. § 621, *et seq.*

60. Defendants' conduct violated § 4112.02(I), 29 U.S.C. § 2000e and 29 U.S.C. § 621, *et seq.*, for which Defendants are liable for economic and non-economic compensatory damages, including and was willful, wanton, reckless and/or malicious, and renders defendants liable for economic and noneconomic compensatory damages, punitive damages, attorneys' fees, and costs in accordance with R.C. § 4112.99, 29 U.S.C. § 2000e and 29 U.S.C. § 621, *et seq.*

### COUNTS IX & X
(Family and Medical Leave Act – Interference and Retaliation)

61. Mrs. Mohammad-Smith incorporates into this paragraph her allegations from each of the preceding paragraphs.

62. At all times relevant hereto, Mrs. Mohammad-Smith suffered from a serious medical condition within the meaning of 29 U.S.C. § 2611.

63. Defendants knew of Mrs. Mohammad-Smith's serious medical condition.

64. At all times relevant hereto, Mrs. Mohammad-Smith was an eligible employee within the meaning of 29 U.S.C. § 2611.

9

65. On or about October 23, 2009, Mrs. Mohammed-Smith notified Defendants of her need for a leave of absence under the FMLA.

66. On or about November 2, 2009, Defendants terminated Mrs. Mohammad-Smith's employment.

67. Defendants' aforementioned conduct constituted an interference with Mrs. Mohammad-Smith's rights under the FMLA in violation of 29 U.S.C. § 2612, for which Defendants are liable for economic damages, prejudgment interest, and attorneys fees and costs.

68. Defendants' aforementioned conduct was undertaken, in whole or in part, in retaliation for Mrs. Mohammad-Smith's exercise of her rights under the FMLA in violation of 29 U.S.C. § 2615, for which Defendants are liable for economic damages, prejudgment interest, and attorneys fees and costs in accordance with 29 U.S.C. § 2617.

69. Defendants' conduct was not undertaken in good faith and renders Defendants liable for liquidated damages in accordance with 29 U.S.C. § 2617.

## CONCLUSION

Plaintiff Linda Mohammad-Smith seeks an amount in excess of $25,000 to fully, fairly and justly compensate her for her injuries, damages and losses. She respectfully requests that this Court enter judgment in her favor and award her compensatory damages, actual damages, consequential damages, incidental damages, reliance damages, expectation damages, punitive damages, liquidated damages, interest, fees and costs, and any additional legal or equitable relief as justice requires, including compensatory damages for emotional harm.

Respectfully submitted,

*Stacy A. Hinners*
CHRISTOPHER P. THORMAN (0056013)
cthorman@thllaw.com
STACY A. HINNERS (0076458)
shinners@thllaw.com

*Attorneys for Plaintiff Linda Mohammad-Smith*

THORMAN & HARDIN-LEVINE CO., L.P.A.
The Bradley Building
1220 West Sixth Street, Suite 207
Cleveland, Ohio 44113
Phone (216) 621-9767
Fax (216) 621-3422